No. 25-1349

# United States Court of Appeals for the First Circuit

DENHAM CAPITAL MANAGEMENT LP; DENHAM CAPITAL MANAGEMENT GP LLC, TAX MATTERS PARTNER,

*Petitioners-Appellants*,

v.

SCOTT BESSENT,
ACTING COMMISSIONER, INTERNAL REVENUE SERVICE,

*Respondent-Appellee*.

On Appeal from the United States Tax Court
Case No. 9973-23
Hon. Kathleen Kerrigan

**SUPPLEMENTAL BRIEF OF PETITIONERS-APPELLANTS DENHAM CAPITAL MANAGEMENT LP; DENHAM CAPITAL MANAGEMENT GP LLC, TAX MATTERS PARTNER**


Brian C. McManus
Shannon C. Fiedler
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

Eric J. Konopka
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Petitioners-Appellants Denham Capital Management LP; Denham Capital Management GP LLC, Tax Matters Partner*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

NET EARNINGS FROM SELF-EMPLOYMENT ARE NOT A PARTNERSHIP ITEM ........ 1

A. "Partnership Item" Revisited ........ 1

B. *Keener* Is Inapposite And Does Not Help The Commissioner ........ 4

C. Any Connection To *Keener* Is Strained, Ill-Conceived, And Forfeited ........ 12

D. The Commissioner Previously Agreed That Net Earnings From Self-Employment Are Not A Partnership Item ........ 15

CONCLUSION ........ 18

## TABLE OF AUTHORITIES

**Page(s)**

## CASES


*Bush v. United States*,
655 F.3d 1323 (Fed. Cir. 2011) (en banc) ....................................................4

*Castigliola v. Commissioner*,
T.C. Memo. 2017-62, 2017 WL 1372505 (2017) ..........................................18

*Chimblo v. Commissioner*,
177 F.3d 119 (2d Cir. 1999) ............................................................................5

*Duffy v. Commissioner*,
T.C. Memo. 2020-108, 2020 WL 3960116 (2020) ........................................17

*Florida Bankers Association v. United States Department of the Treasury*,
799 F.3d 1065 (D.C. Cir. 2015).......................................................................13

*Hardy v. Commissioner*,
T.C. Memo. 2017-16, 2017 WL 168471 (2017) ............................................18

*Harrow v. Department of Defense*,
601 U.S. 480 (2024)...........................................................................................2

*Igartúa v. United States*,
626 F.3d 592 (1st Cir. 2010)............................................................................11

*Johnson v. Commissioner*,
T.C. Memo. 1990-461, 60 T.C.M. (CCH) 603 (1990) ...................................18

*Joseph v. Commissioner*,
T.C. Memo. 2020-65, 2020 WL 2538971 (2020) ..........................................17

*Kaplan v. United States*,
133 F.3d 469 (7th Cir. 1998) ............................................................................5

*Keener v. United States*,
551 F.3d 1358 (Fed. Cir. 2009) ..................................................................*passim*

**Page(s)**

*Loper Bright Enterprises v. Raimondo*,
603 U.S. 369 (2024)....................................................................................8

*Monti v. United States*,
223 F.3d 76 (2d Cir. 2000) ..........................................................................11

*National Association of Manufacturers v. Department of Defense*,
583 U.S. 109 (2018)....................................................................................2

*Perry v. Commissioner*,
T.C. Memo. 1994-215, 67 T.C.M. (CCH) 2966 (1994) ...................................18

*Prati v. United States*,
81 Fed. Cl. 422 (2008)...............................................................................6, 8

*Estate of Quick v. Commissioner*,
110 T.C. 172 (1998)....................................................................................17

*RJT Investments X v. Commissioner*,
491 F.3d 732 (8th Cir. 2007) ..................................................1, 2, 9, 10

*United States v. Sineneng-Smith*,
590 U.S. 371 (2020)....................................................................................11

*United States v. Woods*,
571 U.S. 31 (2013)..................................................................................4, 18

*Weiner v. United States*,
389 F.3d 152 (5th Cir. 2004) .................................................................4, 5, 7

*Williams v. United States*,
165 F.3d 30 (6th Cir. 1998) (per curiam) (unpublished table decision)..............5

**STATUTES**

26 U.S.C. § 465(c)(7)(D)(i)(II) ...........................................................................10

26 U.S.C. § 469(a)(1)....................................................................................17

26 U.S.C. § 469(c)(1)(B) ...............................................................................17

26 U.S.C. § 702(a)(8)..................................................................................3, 16

**Page(s)**

26 U.S.C. § 703(a) ....................2

26 U.S.C. § 706(b)(1)....................10

26 U.S.C. § 706(c)(2)(B) ....................10

26 U.S.C. § 1402(a) ....................17

26 U.S.C. § 1402(a)(1)....................15

26 U.S.C. § 1402(a)(10)(B) ....................10

26 U.S.C. § 1402(a)(10)(C) ....................10

26 U.S.C. § 1446(d)(2)(B) ....................10

26 U.S.C. § 6031(a) ....................12, 13

26 U.S.C. § 6226(f)....................1

26 U.S.C. § 6229(a) ....................5, 12, 14

26 U.S.C. § 6229(e) ....................14

26 U.S.C. § 6230(e) ....................14

26 U.S.C. § 6231(a)(3)....................*passim*

26 U.S.C. § 6231(f)....................10

26 U.S.C. § 6698(a) ....................14

42 U.S.C. § 411(a) ....................8

Internal Revenue Code of 1954, ch. 736, 68A Stat. 1 ....................12

Internal Revenue Code of 1939, ch. 2, 53 Stat. 1 ....................12

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324 ....................12

**Page(s)**

## REGULATIONS


26 C.F.R. § 301.6230(e)-1 ........................................................................14

26 C.F.R. § 301.6231(a)(3)-1(a) ....................................................................3

26 C.F.R. § 301.6231(a)(3)-1(a)(1)(i)...............................................................3

26 C.F.R. § 301.6231(a)(3)-1(b) ....................................................................3


## OTHER AUTHORITIES


51 Fed. Reg. 13212 (Apr. 18, 1986) ................................................................3

Field Service Advisory, 1997 WL 33313783 (Sept. 29, 1997) ...................15, 16, 17

## ARGUMENT

## NET EARNINGS FROM SELF-EMPLOYMENT ARE NOT A PARTNERSHIP ITEM

It is common ground that the Tax Court had jurisdiction over this TEFRA partnership-level proceeding only if net earnings from self-employment fall within the statutory definition of "partnership item." 26 U.S.C. § 6231(a)(3); *see id.* § 6226(f).[1] They do not, for reasons Denham has explained. *See* Opening-Br.47-57; Reply-Br.2-12. Denham appreciates the opportunity to further expound on those reasons, and to explain why the Federal Circuit's decision in *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009)—which the Commissioner cited only in passing, *see* Comm'r-Br.21, 28—does not move the needle.

### A. "Partnership Item" Revisited

TEFRA provides a specific definition of "partnership item" that, as the parties agree, includes two independent, conjunctive requirements. *See* Reply-Br.2-3; *see also RJT Invs. X v. Commissioner*, 491 F.3d 732, 735 (8th Cir. 2007) (labeling the two requirements "(A)" and "(B)"). *First*, an "item" must be "required to be taken into account for the partnership's taxable year under any provision of subtitle A," or the income-tax law. 26 U.S.C. § 6231(a)(3). And

[1] This brief uses terms as they are defined in Denham's opening and reply briefs. As in those briefs, references to title 26 of the U.S. Code and title 26 of the Code of Federal Regulations are to the statutes and regulations in effect for the 2016 and 2017 tax years.

*second*, a regulation must "provide that, for purposes of this subtitle [*i.e.*, subtitle F], such item is more appropriately determined at the partnership level than at the partner level." *Id.*

The first requirement hangs together as an integrated whole. The "under" clause "identif[ies] the provision that serve[s] as the basis for" what precedes it. *Harrow v. Department of Def.*, 601 U.S. 480, 481 (2024); *see, e.g.*, *National Ass'n of Mfrs. v. Department of Def.*, 583 U.S. 109, 124 (2018) ("under" means "'pursuant to' or 'by reason of the authority of'"). Given what precedes it—"required to be taken into account for the partnership's taxable year"—the most natural reading of the requirement is that a provision of the income-tax law must serve as the basis for "requir[ing]" an item "to be taken into account for the partnership's taxable year." 26 U.S.C. § 6231(a)(3). That is, this requirement encompasses items that a partnership needs to compute its own taxable income and other items for its own taxable year. *See* 26 U.S.C. § 703(a); *RJT Invs. X*, 491 F.3d at 736 (the statutory language includes items that are "necessary for income tax calculation purposes").

The second requirement further limits partnership items. Even if the income-tax law requires partnerships to take an item into account for their taxable year, that item is not a partnership item unless a "regulation[]" specifies that "such item is more appropriately determined at the partnership level than at the partner

level." 26 U.S.C. § 6231(a)(3). This requirement gives Treasury and the IRS a role in deciding which items must be determined in a TEFRA partnership-level proceeding—as long as they act by "regulation[]." *Id.*

The only items that Treasury and the IRS have designated as being "more appropriately determined at the partnership level than at the partner level" are those listed in 26 C.F.R. § 301.6231(a)(3)-1(a). Net earnings from self-employment are not on that list, as the Commissioner concedes. *See* Comm'r-Br.26-29. The regulation he cites, 26 C.F.R. § 301.6231(a)(3)-1(b), does not designate any item as being "more appropriately determined at the partnership level." Rather, it provides that "the accounting practices and the legal and factual determinations that underlie the determination" of partnership items are themselves partnership items. *Id.* Which makes sense. For example, how a partnership accounts for inventory (an accounting practice) and how much inventory it has sold (involving legal and factual determinations) are intertwined with how much business income the partnership earns for its own taxable year—a quintessential partnership item. *See* 26 U.S.C. § 702(a)(8); 26 C.F.R. § 301.6231(a)(3)-1(a)(1)(i). If the partnership's business income must be determined at the partnership level, the accounting practices, law, and facts necessary to determine that income must be, too. *See* 51 Fed. Reg. 13212, 13213 (Apr. 18, 1986) (this provision was added to "make clear" what was "implicit" in the proposed regulation).

To capture these requirements, and in light of the purposes of TEFRA, the Supreme Court and other courts have articulated the entire-partnership rule. That is, partnership items are "items whose treatment affects the entire partnership, and so analyzing them at the partnership level makes more sense than doing so partner-by-partner." *Bush v. United States*, 655 F.3d 1323, 1325 (Fed. Cir. 2011) (en banc); *see, e.g.*, *United States v. Woods*, 571 U.S. 31, 39 (2013) (items "relevant to the partnership as a whole"). Courts commonly use the entire-partnership rule as the litmus test for a partnership item, often at the government's urging. *See, e.g.*, Opening Br. for the United States at 26, *Baxter v. United States*, 48 F.4th 358 (5th Cir. 2022) (No. 21-20258), 2021 WL 3205921.

### B. *Keener* Is Inapposite And Does Not Help The Commissioner

**1.** Use of the entire-partnership rule is evident in cases leading up to *Keener*. In the 1990s and 2000s, various courts of appeals were presented with cases of the same ilk: Taxpayers used deductions from tax-shelter partnerships to reduce their income, leading the IRS to assert, in partnership-level proceedings, that the partnerships were shams and the deductions should be disallowed. *See, e.g.*, *Weiner v. United States*, 389 F.3d 152, 153 (5th Cir. 2004). The taxpayers then settled with the IRS for a partial disallowance of the deductions. *See id.* at 154. Thereafter, the taxpayers brought refund suits against the government, claiming that the taxes assessed as a result of those settlements were barred by the

statute of limitations. *See id.* Courts frequently held that the period to assess taxes from adjustment of partnership items "affects the partnership as a whole" and "is a partnership item that must be litigated in a partnership level proceeding," not "in an individual partner proceeding." *Id.* at 156-57; *see id.* (citing cases); *see also, e.g.*, *Chimblo v. Commissioner*, 177 F.3d 119, 125-26 (2d Cir. 1999); *Williams v. United States*, 165 F.3d 30 (6th Cir. 1998) (per curiam) (unpublished table decision); *Kaplan v. United States*, 133 F.3d 469, 473-74 (7th Cir. 1998).

**2.** In *Keener*, the Federal Circuit came to the same conclusion as these other courts of appeals. In doing so, the court also relied on the entire-partnership rule, but gave other reasons as well. *See Keener*, 551 F.3d at 1362-64; *see also id.* at 1363 n.3 (noting that other courts had "adopt[ed] different rationales").

The taxpayers in *Keener* conceded most aspects of the definition of a "partnership item": They "d[id] not dispute that [26 C.F.R. § 301.6231(a)(3)-1(b)] includes their limitations claim in its definition of 'partnership item.'" *Id.* at 1362. They also "stipulated that their limitations claim" "must be taken into account for the partnership's taxable year" and is "designated as 'more appropriately determined at the partnership level.'" *Id.* at 1362-63 (quoting 26 U.S.C. § 6231(a)(3)). Their only argument was that the relevant statute-of-limitations provision "cannot be a 'partnership item' because it" was "found in subtitle F of the code, rather than subtitle A." *Id.*; *see* 26 U.S.C. § 6229(a).

The Federal Circuit's response was based on so-called *Chevron* deference. *See Keener*, 551 F.3d at 1362-64. The court started from the taxpayers' concession that 26 C.F.R. § 301.6231(a)(3)-1(b) "includes their limitations claim in its definition of 'partnership item'" and then considered whether that regulation reasonably interpreted the statutory definition. *Id.* at 1362. The court found that it did, based on three primary considerations.

*First*, the Federal Circuit concluded that the statutory definition of "partnership item" was ambiguous as to whether a partnership item needed to be located in subtitle A. The court pointed to another case that suggested the statutory reference to "subtitle A" modifies "what immediately precedes it (i.e., 'the partnership's taxable year')." *Id.* at 1363 (discussing *Prati v. United States*, 81 Fed. Cl. 422 (2008)). Under that reading, partnership items can include "items outside subtitle A" if they "'influence the treatment of partnership items arising under subtitle A.'" *Id.* (quoting *Prati*, 81 Fed. Cl. at 432). "Because [the court was] presented with these different interpretations, [it] h[e]ld that the statute does not unambiguously answer the question of whether a provision outside of subtitle A can be a 'partnership item'" and gave *Chevron* deference to the regulation that the taxpayers conceded applied. *Id.*

*Second*, the Federal Circuit applied the entire-partnership rule, indicating that "the limitations claim raised by Taxpayers should not be litigated in a partner-

level proceeding because it affects the partnership as a whole." *Id.* at 1364 (citing *Weiner*, 389 F.3d at 156-57).

*Third*, the Federal Circuit alluded to the "framework established by TEFRA." *Id.* The court noted that TEFRA is located in subtitle F of the Internal Revenue Code and "includes rules relating to the treatment of partnership items." *Id.* According to the court, the taxpayers' "definition of 'partnership item'" would exclude "these procedures for dealing with partnership items," such that "a partnership-level proceeding would not adjudicate these issues." *Id.* The court "reject[ed] this impractical result." *Id.*

**3.** *Keener* does not help the Commissioner.

As an initial matter, *Keener* dealt with a different question. The taxpayers' only argument in *Keener* was that the relevant statute-of-limitations provision could not be a partnership item because it was located in subtitle F rather than subtitle A. Here, the relevant statute, section 1402(a), *is* located in subtitle A. So the key statutory question is different: whether net earnings from self-employment are "required to be taken into account for the partnership's taxable year." 26 U.S.C. § 6231(a)(3). The taxpayers in *Keener* conceded that question; Denham very much disputes it. *Compare Keener*, 551 F.3d at 1362-63, *with* Opening-Br.48-49, *and* Reply-Br.3-7. As Denham has explained, net earnings from self-employment are taken into account for an individual's taxable year, not a

partnership's. *See, e.g.*, Reply-Br.3-7. And that makes sense, because net earnings from self-employment primarily concern *individuals'* entitlement to benefits under the Social Security Act. *See* 42 U.S.C. § 411(a); Opening-Br.5-9.

Largely for these reasons, *Keener*'s interpretation of section 6231(a)(3) helps Denham, not the Commissioner. The Federal Circuit ultimately determined that the statute could reasonably be construed as providing that "a 'partnership item' [is] anything that affects—or, in other words, is 'required to be taken into account for'—the partnership's taxable year." *Keener*, 551 F.3d at 1363 (quoting *Prati*, 81 Fed. Cl. at 431, in turn quoting 26 U.S.C. § 6231(a)(3)). Since net earnings from self-employment do not affect a partnership's taxable year, they are not a partnership item under this interpretation.

In any event, certain aspects of *Keener*'s reasoning are flawed. Most obviously, the Federal Circuit applied *Chevron* deference, which has since been abrogated by the Supreme Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). After *Loper Bright*, what matters is the "best reading" of the statute, not whether an agency's reading is reasonable. *Id.* at 400. And not only did the Federal Circuit not determine the best reading, it seemingly misconstrued the statute in two important ways.

*First*, the Federal Circuit bought into the idea that "under any provision of subtitle A" modifies "the partnership's taxable year." 26 U.S.C. § 6231(a)(3); *see*

*Keener*, 551 F.3d at 1363. Denham has no quarrel with the notion that "under any provision of subtitle A" modifies "what immediately precedes it." *Keener*, 551 F.3d at 1363. But what immediately precedes the "under" clause is not just "the partnership's taxable year"; it is "required to be taken into account for the partnership's taxable year." 26 U.S.C. § 6231(a)(3).

That is how the Eighth Circuit construed the statute in *RJT Investments X*. There, the court summarized "the actual language" of section 6231(a)(3) as "required . . . under any provision"—showing that the court viewed the "under" clause as attaching to "required," not "the partnership's taxable year." *RJT Invs. X*, 491 F.3d at 736 (alteration in original) (emphasis omitted). Indeed, that is the interpretation that the government itself advanced in *Keener*, citing *RJT Investments X*. *See* Br. for the United States at 22, *Keener*, 551 F.3d 1358 (No. 2008-5004), 2008 WL 2180135.[2]

Moreover, the "under" clause cannot attach to "the partnership's taxable year" because it makes no sense to speak of "the partnership's taxable year under any provision of subtitle A." A partnership does not have different taxable years under different provisions of subtitle A. Rather, a partnership has a single taxable year for income-tax purposes, which is determined by the general rules of

[2] Despite the difference in interpretation, the Eighth Circuit reached essentially the same conclusion in *RJT Investments X* that the Federal Circuit reached in *Keener*. *See* 491 F.3d at 736.

sections 441 to 444 and the partnership-specific rules of section 706. *See* 26 U.S.C. § 706(b)(1) (titled "Partnership's taxable year"). In fact, while the Internal Revenue Code contains other references to "partnership's taxable year," not one of them is modified by "under any provision of subtitle A." *See id.* §§ 465(c)(7)(D)(i)(II), 706(c)(2)(B), 1402(a)(10)(B)-(C), 1446(d)(2)(B), 6231(f).

*Second*, the Federal Circuit took the wrong lesson from the "framework established by TEFRA." *Keener*, 551 F.3d at 1364. According to the court, "categorically exclud[ing] anything in subtitles B-J" of the Internal Revenue Code from the definition of "partnership item" "makes little sense" because TEFRA's "procedures for dealing with partnership items" are in subtitle F and thus "would not, themselves, be partnership items." *Id.* But while TEFRA's procedures are *used* in partnership-level proceedings, they are not *determined* in partnership-level proceedings. Among other things, it is not clear how procedures would be "taken into account for the partnership's taxable year"—a necessary predicate of a partnership item, as *Keener* itself recognized. 26 U.S.C. § 6231(a)(3); *see Keener*, 551 F.3d at 1363. In any event, to the extent a TEFRA procedural issue affects the determination of partnership items, then it might also be considered a partnership item determinable in a partnership-level proceeding. Indeed, that is more consonant with the reasoning of other courts that considered the same and similar issues. *See supra* at 4-5 (citing cases). *Compare RJT Invs. X*, 491 F.3d at 736 (an

item can be a partnership item, "even in the absence of an explicit subtitle A reference," if it is "necessary for income tax calculation purposes"), *with Monti v. United States*, 223 F.3d 76, 81-82 (2d Cir. 2000) (a partner's "right to consistent settlement terms . . . in subtitle F" is "unconnected with the resolution of partnership-wide issues" and is not a partnership item).

**4.** Finally, it is worth remembering that the Commissioner has not raised any of these issues. Although he cited *Keener* in his brief, he did so only in passing and nowhere suggested that *Keener*'s statutory analysis was pertinent. *See* Comm'r-Br.21, 28. For good reason: *Keener* answered a question that is quite different from the one here, and it did so with reasoning that is not entirely sound and that other courts did not follow. *See supra* at 7-10. But given that the Commissioner himself does not think *Keener* was especially important to his case, ordinary party-presentation and forfeiture principles also counsel against treating it as a game-changer. *See, e.g.*, *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[Courts] rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (citation omitted)); *Igartúa v. United States*, 626 F.3d 592, 603 (1st Cir. 2010) ("[A]rguments that are not raised in a timely manner are forfeited.").

### C. Any Connection To *Keener* Is Strained, Ill-Conceived, And Forfeited

Given that the Commissioner has not raised any of these issues, Denham is unsure why *Keener* caused the Court to issue its supplemental-briefing order. Based on that order and the questioning at oral argument, Denham infers that the Court may be exploring the following reasoning: *Keener* interpreted the definition of "partnership item" to include provisions in subtitle F; subtitle F contains a statute allowing the IRS to require partnerships to report information on their returns, *see* 26 U.S.C. § 6031(a); the IRS has required partnerships to report net earnings from self-employment on their returns; and that makes net earnings from self-employment a partnership item. Adopting that reasoning would be a mistake.

For starters, that reasoning would take *Keener* to another level. The Federal Circuit thought it reasonable to view TEFRA provisions as partnership items, at least insofar as they affect the partnership's taxable year. *See Keener*, 551 F.3d at 1363-64. And the statute-of-limitations provision in *Keener* was enacted *as part of TEFRA*. *See* Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 659 (codified at 26 U.S.C. § 6229(a)). Section 6031(a), by contrast, is a general reporting requirement that is outside of TEFRA and pre-dates TEFRA by decades. *See* Internal Revenue Code of 1954, ch. 736, § 6031, 68A Stat. 1, 741; *see also* Internal Revenue Code of 1939, ch. 2,

§ 187, 53 Stat. 1, 70. Nothing in *Keener* remotely suggests that such a far-flung provision could be the foundation of a partnership item.

Moreover, relying on this provision would essentially mean the IRS can create partnership items simply by putting them on the partnership-return form—no statute or regulation required. But that would contravene the statutory definition of "partnership item." 26 U.S.C. § 6231(a)(3). The statutory definition turns on there being a statute requiring partnerships to take an item into account for their taxable year and a regulation designating that item as being more appropriately determined at the partnership level. *See id.*; *supra* at 1-3.

Contrary to a suggestion made at oral argument, there is no clear way to challenge the IRS's inclusion of a particular item on the partnership-return form on the basis that it should not be a partnership item. The IRS does not undertake notice-and-comment rulemaking on its forms. Even if it did, any challenge to the form would presumably be met by an objection under the Anti-Injunction Act. *See, e.g.*, *Florida Bankers Ass'n v. United States Dep't of the Treasury*, 799 F.3d 1065, 1067 (D.C. Cir. 2015). And it is not clear that any challenge would succeed, because the information that the IRS can put on the partnership-return form is not limited to partnership items. *See* 26 U.S.C. § 6031(a). The end result of linking partnership items to what is on the partnership-return form would be nonsensical. To draw on an example from oral argument, if the IRS required partnerships to

report each partner's favorite musician, the partners' favorite musicians would become partnership items determined in partnership-level proceedings—even though they lack any plausible connection to partnership income.

Nor is there any sound reason to link the two. The IRS has ample means to enforce the reporting requirement. The IRS can impose penalties if a partnership does not file a return or provide all the information required by the IRS. 26 U.S.C. § 6698(a). The IRS can require partnerships to report additional or corrected information. *Id.* § 6230(e); 26 C.F.R. § 301.6230(e)-1. And partners can face collateral consequences if a partnership does not satisfy its reporting obligations. If a partnership does not file a return or report certain information, "the period for assessing" taxes "attributable to any partnership item (or affected item) for a partnership taxable year" does not run until after it does. 26 U.S.C. § 6229(a); *see id.* § 6229(e). There is no need to contort the meaning of "partnership item" to enforce partnerships' reporting obligations.

Finally, even if this line of reasoning were somehow viable, the Commissioner has not pursued it. He has not claimed that items are partnership items merely because they appear on the partnership-return form. He had the chance to make such a broad-brush argument—including in his February 20, 2026, response to Denham's Rule 28(j) letter, which teed up this issue—but opted not to

do so. Under normal party-presentation and forfeiture principles, this line of reasoning should not be the basis for a decision by this Court. *See supra* at 11.

### D. The Commissioner Previously Agreed That Net Earnings From Self-Employment Are Not A Partnership Item

Notably, too, the IRS and the Commissioner agreed with Denham's analysis when doing so suited their purposes.

In 1997 guidance, the IRS considered how to treat net earnings from self-employment—and its analysis echoed Denham's. Field Service Advisory, 1997 WL 33313783 (Sept. 29, 1997).[3] The taxpayer had partnership income that the partnership had reported as from rental activities. *Id.* Rental income from real estate is outside the scope of net earnings from self-employment, but rental income from personal property generally is not. *See* 26 U.S.C. § 1402(a)(1). The taxpayer, believing his partnership rental income was from "investment activities," did not include that income in his net earnings from self-employment. Field Service Advisory, 1997 WL 33313783. There was no TEFRA partnership-level proceeding. *Id.* Instead, the IRS issued a notice of deficiency to the taxpayer "for the self-employment tax due on [his] distributive share of income from the partnership." *Id.* The taxpayer sought Tax Court review, asserting (among other

[3] The Commissioner cited this guidance in his answering brief. *See* Comm'r-Br.22 n.5. On February 2, 2026, the Commissioner filed a Rule 28(j) letter acknowledging that his brief had "incorrectly quote[d] language from a posited question of [the guidance] rather than the conclusion."

things) that “the determination as to whether [the] distributive share . . . is subject to self-employment tax is a partnership item and thus cannot be determined in a deficiency proceeding.” *Id.*

The IRS’s guidance disagreed. It concluded that the partnership had characterized “the items of income as being derived from the rental of personal property,” and that characterization “controls.” *Id.* But “the inquiry . . . does not end here” because “other factors must be taken into account” in determining net earnings from self-employment and self-employment tax. *Id.* “[S]elf-employment tax is imposed only upon individuals,” so a “partner level determination must be made as to the nature of the partner (individual or entity)”; “[t]here must be a partner level determination as to the residence and citizenship of the individual (self-employment tax may not apply to certain nonresident aliens)”; and “even among individuals to whom self-employment tax applies, determinations must be made that are unique to each partner.” *Id.* As a result, the guidance concluded, it was “wholly appropriate” to adjust the taxpayer’s net earnings from self-employment in a partner-level proceeding. *Id.*

The same logic holds here. Denham’s characterization of its own income as trade-or-business income is a partnership-level determination that should be determined in a partnership-level proceeding. *See* 26 U.S.C. § 702(a)(8). So too is each partner’s share of Denham’s trade-or-business income. But that share is just

one *input* into each partner's net earnings from self-employment—which are computed for each partner, not for the partnership. *See id.* § 1402(a); *see also* Reply-Br.4-5. The amount of each partner's net earnings from self-employment turns on multiple factors that are "unique to each partner," including the applicability *vel non* of the limited-partner exception. Field Service Advisory, 1997 WL 33313783. Net earnings from self-employment, and all of the underlying partner-specific determinations, should be left for partner-level proceedings. *See* Opening-Br.47-57; Reply-Br.2-12.[4]

In fact, many of the cases dealing with the limited-partner exception *arose out of partner-level proceedings*. *See Duffy v. Commissioner*, T.C. Memo. 2020-108, 2020 WL 3960116, at *16-18 (2020); *Joseph v. Commissioner*, T.C.

---

[4] As Denham previously highlighted, it is settled that an analogous item is not a partnership item. *See* Opening-Br.50. Section 469 generally prevents taxpayers from using losses from passive activities to reduce their non-passive income. *See* 26 U.S.C. § 469(a)(1). Whether income is passive typically depends on whether the taxpayer "materially participate[s]" in the income-producing activity. *Id.* § 469(c)(1)(B). Trade-or-business losses from a partnership can thus be passive losses if a taxpayer does not materially participate in the partnership's business. The Tax Court long ago held that the partnership's characterization of its losses as trade-or-business losses is a partnership item—but "the characterization of such losses as active or passive in the hands of [the taxpayer] is *not* a partnership item." *Estate of Quick v. Commissioner*, 110 T.C. 172, 187 (1998) (emphasis added); *see id.* ("Determining whether or not [the taxpayers] materially participated in such activity for purposes of section 469 has no effect on any item that would affect all of the partners' respective returns, nor does it have any effect on any item on the Partnership's return or on the Partnership's books and records."). That analysis mirrors the IRS's 1997 guidance and Denham's arguments, and is correct.

Memo. 2020-65, 2020 WL 2538971, at *19-21 (2020); *Castigliola v. Commissioner*, T.C. Memo. 2017-62, 2017 WL 1372505, at *2-5 (2017); *Hardy v. Commissioner*, T.C. Memo. 2017-16, 2017 WL 168471, at *10-11 (2017); *Perry v. Commissioner*, T.C. Memo. 1994-215, 67 T.C.M. (CCH) 2966, 2968 (1994); *Johnson v. Commissioner*, T.C. Memo. 1990-461, 60 T.C.M. (CCH) 603, 606 (1990). That is the right way to handle these partner-by-partner issues that depend on partner-specific facts. *See Woods*, 571 U.S. at 39-42 & n.2 (partnership-level proceedings are for items "relevant to the partnership as a whole," whereas partner-level proceedings are for partner-level determinations).

## CONCLUSION

This Court should hold that net earnings from self-employment are not a partnership item and vacate the Tax Court's decision for lack of jurisdiction. If this Court reaches the merits, it should reverse.

Date: April 3, 2026

Respectfully submitted,

/s/ *Eric J. Konopka*

Eric J. Konopka
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
eric.konopka@lw.com

Brian C. McManus
Shannon C. Fiedler
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

*Counsel for Petitioners-Appellants Denham Capital Management LP; Denham Capital Management GP LLC, Tax Matters Partner*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Court's order of March 13, 2026, because it contains 18 pages, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

I hereby certify that the foregoing brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Eric J. Konopka*
Eric J. Konopka

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Eric J. Konopka*
Eric J. Konopka