No. 25-1349

# United States Court of Appeals for the First Circuit

DENHAM CAPITAL MANAGEMENT LP; DENHAM CAPITAL MANAGEMENT GP LLC, TAX MATTERS PARTNER,

*Petitioners-Appellants*,

v.

SCOTT BESSENT,
ACTING COMMISSIONER, INTERNAL REVENUE SERVICE,

*Respondent-Appellee*.

On Appeal from the United States Tax Court
Case No. 9973-23
Hon. Kathleen Kerrigan

**SUPPLEMENTAL REPLY BRIEF OF PETITIONERS-APPELLANTS DENHAM CAPITAL MANAGEMENT LP; DENHAM CAPITAL MANAGEMENT GP LLC, TAX MATTERS PARTNER**

Brian C. McManus
Shannon C. Fiedler
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

Eric J. Konopka
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Petitioners-Appellants Denham Capital Management LP; Denham Capital Management GP LLC, Tax Matters Partner*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT ........................................................................................ 1

CONCLUSION ..................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Chimblo v. Commissioner*,
177 F.3d 119 (2d Cir. 1999) ....................................................................4

*Keener v. United States*,
551 F.3d 1358 (Fed. Cir. 2009) ..............................................................1, 4

*Weiner v. United States*,
389 F.3d 152 (5th Cir. 2004) ....................................................................4

### STATUTES

26 U.S.C. § 1402(a) .............................................................................2, 3, 4

26 U.S.C. § 6231(a)(3)...........................................................................1, 4, 6

42 U.S.C. § 411(a) ......................................................................................2

### REGULATIONS

26 C.F.R. § 301.6231(a)(3)-1(b).................................................................6

## ARGUMENT

Despite being prompted by this Court to consider *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009), the Commissioner still does not really embrace it. For good reason: As Denham explained, *Keener* is off-point, incorrect, and outmoded. *See* Denham-Suppl.-Br.4-11. And what the Commissioner does say cannot salvage his position on jurisdiction.

**1.** The Commissioner's core message is that *Keener* is not all that relevant. *See* Comm'r-Suppl.-Br.3-7, 11-13. Denham agrees. *Keener* concerned the extent to which the definition of "partnership item"—an item that, among other things, is "required to be taken into account for the partnership's taxable year under any provision of subtitle A" of the income tax law—reaches items grounded in statutory provisions *outside of* subtitle A. 26 U.S.C. § 6231(a)(3); *see Keener*, 551 F.3d at 1362-63. Here, by contrast, the issue is whether net earnings from self-employment, a concept found *in* subtitle A, are a partnership item. *Keener* was silent on that issue, and the Commissioner does not argue otherwise. *See* Denham-Suppl.-Br.7-8; Comm'r-Suppl.-Br.3-7, 11-13.

Instead, the Commissioner contends that net earnings from self-employment must be a partnership item because they "are defined in and subject to tax under subtitle A." Comm'r-Suppl.-Br.3. But that is not the test for a partnership item. Nothing in section 1402(a) or elsewhere requires that net earnings from self-

employment "be taken into account for the partnership's taxable year." *See* 26 U.S.C. § 1402(a). On the contrary, section 1402(a) requires net earnings from self-employment to be taken into account for an individual partner's taxable year, not a partnership's. *See id.* (flush language). Denham has explained this point multiple times, yet the Commissioner still fails to grapple with it or refute it. *See* Opening-Br.48-49, 53; Reply-Br.3-7; Denham-Suppl.-Br.7-8.

To overcome that glaring problem, the Commissioner primarily rests on his own say-so. He repeatedly says things like section 1402 "assigns to the partnership the responsibility to 'comput[e]' net earnings from self-employment based on partnership-level information." Comm'r-Suppl.-Br.5-6 (alteration in original) (quoting 26 U.S.C. § 1402(a)); *see, e.g.*, *id.* at 1-2, 4-7. But, as support, he merely gestures at section 1402(a) and sections 702, 703, and 706. *See* Comm'r-Suppl.-Br.4-6. None of these statutes help him. Section 1402(a) is expressly directed to individuals and does not assign *any* responsibility to partnerships. *See* 26 U.S.C. § 1402(a); Reply-Br.3-4. Indeed, its language is mirrored in its Social Security Act twin, which undisputedly assigns responsibility *only to individuals*. *See* 42 U.S.C. § 411(a); Denham-Suppl.-Br.8; Comm'r-Suppl.-Br.4 n.1. And while sections 702, 703, and 706 are partnership statutes, they do not mention net earnings from self-employment. The Commissioner's

attempt to draw a connection to those statutes *assumes*—incorrectly—that net earnings from self-employment are a kind of partnership income.[1]

Indeed, the Commissioner now admits that net earnings from self-employment as defined by section 1402(a) are not a partnership item. *See* Comm'r-Suppl.-Br.5-6 n.2. He invents a new partnership item: a "partner's 'distributive share . . . of income or loss described in section 702(a)(8)' . . . after taking into account other partnership characteristics under §1402(a)." *Id.* (quoting 26 U.S.C. § 1402(a)). But this ginned-up item proves that section 1402(a) is not directed at partnerships. And even if there were something to it, the Commissioner would still lose: A partner's limited-partner status is *not* a "partnership characteristic[] under §1402(a)." *Id.*; *see, e.g.*, Opening-Br.55-56; Reply-Br.11-12.

**2.** The Commissioner's half-hearted defense of *Keener* fails and inadvertently hurts his position.

Although the Commissioner nominally supports *Keener*, *see* Comm'r-Suppl.-Br.9-13 & n.4, his argument undermines it. *Keener* concluded that section 1402(a) reaches items outside of subtitle A because it thought the statute could be read such that "'under any provision of subtitle A' modifies . . . 'the

---

[1] The Commissioner notes that sections 703 and 1402(a) both use variants of "the same verb," *i.e.*, "compute[]." Comm'r-Suppl.-Br.6 (alteration in original). But it should come as no surprise that statutes requiring math use the verb "compute." That verb has no partnership-specific connotation.

partnership's taxable year.'" 551 F.3d at 1363 (citation omitted). But as the Commissioner concedes, a partnership "can have only one taxable year." Comm'r-Suppl.-Br.16. So it makes no sense to speak of "the partnership's taxable year under any provision of subtitle A," and *Keener*'s statutory analysis falls apart. 26 U.S.C. § 1402(a); *see* Denham-Suppl.-Br.8-10. Instead, "under any provision of subtitle A" modifies everything that precedes it, meaning something can be a partnership item only if a subtitle A provision serves as the basis for "requir[ing]" it "to be taken into account for the partnership's taxable year." 26 U.S.C. § 6231(a)(3); *see* Denham-Suppl.-Br.1-2, 8-9. And there is no such provision relevant here. *See supra* at 1-2.

The Commissioner also alludes to TEFRA's purpose and *Keener*'s concern about the "impractical[ity]" of excluding TEFRA procedures outside of subtitle A from the definition of "partnership item." Comm'r-Suppl.-Br.11 (quoting *Keener*, 551 F.3d at 1364); *see id.* at 2, 10-12. But courts have accounted for TEFRA's purpose and practical administration by applying the entire-partnership rule. *See, e.g.*, *Weiner v. United States*, 389 F.3d 152, 156-57 (5th Cir. 2004); *Chimblo v. Commissioner*, 177 F.3d 119, 125 (2d Cir. 1999). Yet the Commissioner essentially disavows that rule here—since he admittedly cannot meet it. *See, e.g.*, Comm'r-Br.29-32; Reply-Br.10-12. Indeed, net earnings from self-employment, including the applicability of the limited-partner exception, have been regularly

litigated in individual proceedings because they are irrelevant to the partnership. *See, e.g.*, Denham-Suppl.-Br.17-18 (citing cases). The Commissioner has no answer to these cases.

The Commissioner downplays the impact of adopting *Keener*-based reasoning. He suggests that, under *Keener*, section 6031(a)'s return-filing requirement can provide "direction" that something is a partnership item even though the statute is in subtitle F. Comm'r-Suppl.-Br.12. The implication is that net earnings from self-employment are a partnership item because they are on the return form. *See id.* But adopting that reasoning would give the IRS carte blanche to create partnership items by putting them on the form: It could, for example, require partnerships to report their partners' aggregate gross income—which is, after all, affected by partnership income—and thereby force partners to deal with every partner-level issue in partnership-level proceedings. While the Commissioner stops short of claiming that radical power, he offers no way for taxpayers to check it. *See id.* at 12 & n.5; *see also* Denham-Suppl.-Br.12-14.

**3.** The Commissioner's remaining points can be quickly disposed of.

The Commissioner contends that he preserved arguments related to *Keener*'s reasoning. *See* Comm'r-Suppl.-Br.16-17. But the cited pages of his answering brief did not advance the *Keener*-like argument raised here. One page focused on section 1402(a)'s location in subtitle A, not section 6031(a)'s location in subtitle F

or its impact on the partnership-item determination; the other page was about the meaning of 26 C.F.R. § 301.6231(a)(3)-1(b). *See* Comm'r-Br.21, 28. And his backup argument that "this Court can sua sponte address questions of its own jurisdiction at any time" is a non sequitur because the question is about the Tax Court's jurisdiction, not this Court's jurisdiction. Comm'r-Suppl.-Br.16-17.

Finally, the Commissioner says that, because his "statutory analysis . . . answers the Court's question regarding *Keener*, [h]e do[es] not think it is necessary to delve into the regulation." *Id.* at 13. It is not that simple. The definition of "partnership item" is expressly tied to "regulations prescribed by the Secretary." 26 U.S.C. § 6231(a)(3). And net earnings from self-employment are not designated in the regulations. *See, e.g.*, Opening-Br.49-50. The Commissioner notes that the regulations do designate "[i]tems of income" and supporting legal and factual determinations, but he ignores that such items must be "of the partnership"—and net earnings from self-employment are not. 26 C.F.R. § 301.6231(a)(3)-1(a)(1), (b); *see* Comm'r-Suppl.-Br.13-15.[2]

## CONCLUSION

This Court should hold that net earnings from self-employment are not a partnership item and vacate the Tax Court's decision for lack of jurisdiction.

---

[2] The Commissioner also notes that Denham does not challenge the regulations. *See* Comm'r-Suppl.-Br.17. But a taxpayer does not have to challenge a regulation to argue that it does not apply by its terms.

Date: May 4, 2026

Respectfully submitted,

/s/ *Eric J. Konopka*

Eric J. Konopka
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
eric.konopka@lw.com

Brian C. McManus
Shannon C. Fiedler
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

*Counsel for Petitioners-Appellants Denham Capital Management LP; Denham Capital Management GP LLC, Tax Matters Partner*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Court's order of March 13, 2026, because it contains 6 pages, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

I hereby certify that the foregoing brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Eric J. Konopka*
Eric J. Konopka

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Eric J. Konopka*
Eric J. Konopka