**Eric J. Konopka**
Direct Dial: +1.202.637.2392
Eric.Konopka@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

**VIA CM/ECF**

August 21, 2026

Anastasia Dubrovsky, Clerk
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

**Re: *Denham Cap. Mgmt. LP v. Commissioner*, No. 25-1349**
**Response to the Commissioner's**
**Letter of Supplemental Authority**

Dear Ms. Dubrovsky:

*K Alain, L.L.L.P. v. Commissioner*, __ F.4th __ (5th Cir. 2026) ("Op."), is not the panacea the Commissioner makes it out to be.

*First*, the Fifth Circuit's new test underscores the need to make limited-partner determinations at the partner level. Whether a partner did or did not "play a significant role in managing or running the business," Op.9, turns on partner-specific facts—and is not "required to be taken into account for the partnership's taxable year," 26 U.S.C. § 6231(a)(3). That determination should be made in TEFRA partner-level proceedings, not partnership-level proceedings like this one. Opening-Br.47-57; Reply-Br.2-12; Denham-Suppl.-Br.1-4. Notably, the Commissioner glosses over the Fifth Circuit's silence on the TEFRA issue.

*Second*, the Fifth Circuit got it right the first time: The distinguishing characteristic of a limited partner is limited liability. Opening-Br.22-32; Reply-Br.12-13.

*Third*, the Commissioner assumes the Fifth Circuit's new test is good for him, but that is far from obvious. The court moved from a test focusing on limited liability to a test focusing on whether a partner plays a significant role in management or control. But in coming to its new test, the court still drew on

sources discussing the kind of control that would deprive a partner of limited liability, including this Court's decision in *Plasteel Products Corp. v. Helman*, 271 F.2d 354 (1st Cir. 1959). As Denham has explained, its limited partners did not exercise that kind of control under either current law or the law as it existed before the limited-partner exception's enactment. *See, e.g.*, ROA vol.6, at 978-1004. The delta between the Fifth Circuit's old test and its new test remains to be seen.

*Finally*, the Commissioner is wrong to suggest that this Court can simply affirm. The Fifth Circuit majority and dissent did not agree on much, but they did agree that the Fifth Circuit's new test fundamentally differs from the Tax Court's test. Op.9-10; Op.20-26 (dissent). And the court ultimately vacated and remanded for the Tax Court to apply the new test. If this Court adopted the Fifth Circuit's new test, it should follow the same course here.

Respectfully submitted,

/s/ *Eric J. Konopka*
Eric J. Konopka
of LATHAM & WATKINS LLP

*Counsel for Petitioners-Appellants*

cc: Counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 347 words. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

/s/ *Eric J. Konopka*
Eric J. Konopka

## CERTIFICATE OF SERVICE

I hereby certify that, on August 21, 2026, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system. All parties were served through the Court's CM/ECF system.

/s/ *Eric J. Konopka*
Eric J. Konopka